IDA WALKER, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, New York County, January 30, 1951.

*Ferdinand H. Pease* and *Harry J. McCallion* for defendant.

*Leon Wasserman* for plaintiff.

CORCORAN, J. This is an action to recover double indemnity benefits under the provisions of three policies of life insurance issued by the defendant in 1920 and 1923 on the life of Michael Walker, now deceased.

Each policy provides that the defendant agrees to pay " DOUBLE THE FACE OF THIS POLICY upon receipt of due proof that the death of the insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental cause, and that such death occurred within sixty days after sustaining such injury."

The insured died on October 16, 1946. The plaintiff beneficiary claims that death resulted from an accident in which the insured was involved on June 18, 1946.

The defendant moves for summary judgment on the ground that a period of approximately one hundred and twenty days elapsed between the date of the accident and the date of death, and that the double indemnity provision is expressly limited to death within sixty days after injury.

The plaintiff contends that the time limitation in the double indemnity provision is invalid because of the provisions of subdivision (b) of section 107, clause (6) of the Insurance Law of 1909 (L. 1909, ch. 33 as amd.) which was in effect at the time of the issuance of the policies. That clause provided that " the exceptions of the policy be printed with the same prominence as the benefits to which they apply ".

The subsection upon which the plaintiff relies, however, has no application to life insurance policies even if they contain double indemnity provisions. It is expressly limited to accident and health policies. It may be noted, moreover, that the printing on these policies conformed to the requirements of the statute. The only words in bold face type are " DOUBLE THE FACE OF THIS POLICY ". Standing alone, these words are meaningless. The language providing when such amount is payable and the

conditions under which it is payable and the exceptions are all in the same type. The exception is printed with the same prominence as the benefit to which it applies.

The plaintiff's contentions that the time limitation did not begin to run until the accident's full physical effects upon the deceased became manifest is without merit. Settle order.